101 F.3d 1392
 NOTICE: THIS SUMMARY ORDER MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY, BUT MAY BE CALLED TO THE ATTENTION OF THE COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA. SEE SECOND CIRCUIT RULE 0.23.
Donald McCRAY, Plaintiff-Appellant,
v.
Thomas A. COUGHLIN, III; Carl S. Smith; Doctor Mark F.
Zongrone, MD; Sergeant Hawes, Security Officer; James A.
Mance, Deputy Superintendent of Programs, Marcy Correctional
Facility, Defendants-Appellees.
 No. 95-2858.
 United States Court of Appeals,
Second Circuit.
 July 3, 1996.
 
 Donald McCray, pro se, Auburn, NY, for Appellant.
 Peter G. Crary, Assistant Attorney General of the State of New York, New York City, for Appellees.
 Present: MINER, JACOBS, PARKER, Circuit Judges.
 UPON CONSIDERATION of this appeal from a judgment of the United States District Court for the Northern District of New York, it is hereby
 ORDERED, ADJUDGED, AND DECREED that the judgment be and hereby is AFFIRMED.
 This cause came on to be heard on the transcript of record and was submitted.
 Plaintiff-appellee Donald McCray appeals pro se from a judgment entered in the United States District Court for the Northern District of New York (Cholakis, J.) granting summary judgment in favor of defendants-appellees and dismissing McCray's civil rights action.
 
 
 1
 On January 3, 1994, McCray, then a prisoner at Marcy Correctional Facility, visited Dr. Lowenstein, a part-time prison doctor, complaining of severe back pain. According to McCray, he initially started having back pain after he was stabbed in the back in 1992. Dr. Lowenstein diagnosed McCray as being in pain, and continued him on various pain medications. On February 5, 1994, McCray again visited Dr. Lowenstein. Following this visit, Dr. Lowenstein gave McCray a "general pass" that excused him from any facility program, work, or gym activity when he was in extreme pain.
 
 
 2
 On February 14, 1994, Dr. Zongrone, the prison medical director and Dr. Lowenstein's supervisor, revoked the pass because he had been informed by the Superintendent and Deputy Superintendent that inmates were not permitted to determine for themselves whether they were well enough to attend programs. Although McCray's general pass was revoked, McCray was medically excused from programs for limited periods of time during 1994. McCray also underwent numerous medical examinations. For instance, in March of 1994, Dr. Zongrone ordered a CAT scan of McCray's back, and on May 19, 1994, Dr. Zongrone referred McCray for an orthopedic consultation. None of these examinations revealed that McCray had severe back problems.
 
 
 3
 On June 6, 1994, McCray filed a § 1983 complaint against prison officials Thomas Coughlin, Carl Smith, Dr. Zongrone, Sergeant Hawes, and James Mance (together, the "defendants"). In his complaint, McCray alleged that the defendants violated his Eighth Amendment rights by being deliberately indifferent to his medical needs. Specifically, McCray claimed that the defendants improperly forced him to participate in facility programs even though he had a serious medical condition. Thereafter, McCray moved for summary judgment and for a temporary restraining order ("TRO"). The defendants cross-moved for summary judgment.
 
 
 4
 On March 1, 1995, the magistrate judge issued a Report and Recommendation, recommending that: (1) McCray's motions for a TRO and for summary judgment be denied; and (2) that summary judgment be granted in favor of all the defendants with the exception of Dr. Zongrone. The magistrate judge found that Dr. Zongrone's revocation of Dr. Lowenstein's general pass prior to examining McCray created an issue of material fact as to whether Dr. Zongrone was deliberately indifferent to McCray's medical needs.
 
 
 5
 Both Dr. Zongrone and McCray filed objections to the magistrate judge's report. On December 5, 1995, the district court adopted the magistrate judge's Report and Recommendation to the extent that it denied McCray's motions for a TRO and summary judgment. The district court, however, found that the magistrate judge erred by not granting summary judgment in favor of Dr. Zongrone. The court found that, based on Dr. Zongrone's personal knowledge of McCray's medical condition, Dr. Zongrone's revocation of the general pass did not amount to deliberate indifference. Accordingly, the district court granted summary judgment in favor of all the defendants. This appeal followed.
 
 
 6
 On appeal, McCray argues that the district court erred in granting summary judgment in favor of Dr. Zongrone because overwhelming evidence establishes that Dr. Zongrone was deliberately indifferent to his medical condition. We disagree.
 
 
 7
 To establish an unconstitutional denial of medical care, a prisoner must show that the defendants demonstrated a deliberate indifference to his serious medical needs. Estelle v. Gamble, 429 U.S. 97, 104 (1976). A prison official acts with deliberate indifference to an inmate's health only if he knows that the inmate faces a substantial risk of serious harm and disregards that risk. See Farmer v. Brennan, 114 S.Ct. 1970, 1978-79 (1994).
 
 
 8
 We think that McCray has failed to demonstrate that Dr. Zongrone acted with deliberate indifference to his medical needs. First, Dr. Zongrone did not deny McCray needed medical care. To the contrary, the record indicates that Dr. Zongrone directed that McCray undergo numerous tests and examinations, all of which failed to demonstrate that McCray had a severe back problem. Moreover, the prison medical staff fully attended to McCray's back pains. For instance, McCray was prescribed pain relieving drugs, issued a bed board, and excused from periods of excessive standing and heavy lifting.
 
 
 9
 Nevertheless, McCray claims that Dr. Zongrone's revocation of the general pass amounted to deliberate indifference because Dr. Zongrone had never personally examined him. However, the only change effected by Dr. Zongrone's revocation of the general pass was that McCray, himself, no longer was able to determine whether he could participate in prison programs. Dr. Zongrone's revocation of the general pass in no way changed the medical care that McCray was receiving. Furthermore, there is no indication that Dr. Zongrone's revocation forever precluded McCray from being excused from facility programs. Rather the revocation simply meant that McCray would have to receive specific permission before he would be excused from a program. Indeed, in December of 1994, Dr. Zongrone issued a one month "excusal," excusing McCray from lifting more than twenty pounds. In sum, we think that McCray failed to make any showing that Dr. Zongrone acted with deliberate indifference to his needs, and, therefore, the district court properly granted summary judgment in favor of Dr. Zongrone.
 
 
 10
 We have considered McCray's remaining contentions, and we find them all to be without merit.